# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA BROOKS, on behalf of all beneficiaries, pursuant to Section 537.080, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF ST. LOUIS, et al., <br><br> Defendants. | Case No. 4:17-CV-0981 RLW |

## MEMORANDUM AND ORDER

Pending in this action is a motion to dismiss Counts IX and XII against the City of Jennings Detention Center and the official-capacity claims in Count XIII against Aykan Acikgoz, Kyle Bashaw, Rick Crim, Yvette Harris, Eugene Neal, Demetrius Staples, and Kellye Still (hereinafter referred to as the Jennings Defendants). Plaintiff does not oppose the dismissal of Counts IX and XII.

## Background

This action has its origins in the death of Plaintiff's son, DeJuan Brison, after he hung himself when confined in the City of Jennings Detention Center. The Jennings Defendants are corrections officers at that Center and are sued in their individual and official capacities.

In Count X of her complaint, Plaintiff alleges that the City of Jennings is liable under 42 U.S.C. § 1983 for its deliberate indifference to Brison's serious safety and medical needs. (Compl. ¶181, ECF No. 3.) She also alleges that the City "maintained polices, practices, and customs demonstrating deliberate and complete indifference to the constitutional rights of its citizens ...." (*Id.* ¶182.) In Count XIII, she alleges that the Jennings Defendants "showed

deliberate indifference to Brison's serious medical needs, negligently failed to recognize Brison's suicidal tendencies, and further deprived him of his constitutional rights . . . ." (*Id.* ¶241.) She repeats against these defendants the allegations in Paragraph 182 against the City. (*Id.* ¶242.)

The Jennings Defendants move to dismiss the official-capacity claims against them in Count XIII under Rule 12(b)(6) of the Federal Rules of Civil Procedure as being redundant of those in Count X. Plaintiff disagrees.

## **Discussion**

"To survive a 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *McShane Constr. Co. v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "'[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires [this] [C]ourt to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678-79) (second and third alterations in original).

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Consequently, a claim against a defendant sued in his official capacity for violating the plaintiff's constitutional rights was found to be properly dismissed as redundant of a claim against that defendant's employing governmental entity for failure to properly train him. *Id.*

2

A similar argument to the one now presented by the City of Jennings and the Jennings Defendants was earlier advanced in this case by the City of St. Louis and its individual employee-defendants. The argument was that the claims in Count VI against the individuals for being deliberately indifferent to Brison's serious medical needs and to maintaining "policies, practices, and customs" demonstrating such indifference were redundant of those in Count IV against the City for failing to "hire, instruct, train, supervise, control and/or discipline" the individual defendants. (Compl. at 20-24, 27-30.) Citing *Veatch*, supra, the court[1] agreed. *Brooks v. City of St. Louis*, 2017 WL 2797484, *2 (E.D. Mo. June 28, 2017). Noting that the City would "ultimately be liable if plaintiff succeeds on her official capacity claims," the court rejected her argument that there was no redundancy because the claims were "based on 'separate failures of different policy, custom, and procedure.'" *Id.*

The Court finds no difference between the arguments presented relative to this earlier motion to dismiss allegedly redundant counts and those now presented.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of the City of Jennings, the City of Jennings Detention Center, and the Jennings Defendant is GRANTED. [ECF No. 54] Counts IX and XII are dismissed. Only the official-capacity in Count XIII against Aykan Acikgoz, Kyle Bashaw, Rick Crim, Yvette Harris, Eugene Neal, Demetrius Staples, and Kellye Still will also be dismissed.

---

[1] The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, now retired.

3

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this __8th__ day of January, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**