UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHRISTINA BROOKS, on Behalf of All )
Beneficiaries, Pursuant to §537.080, R.S. Mo., )
)
    Plaintiffs, )
)
v. ) No. 4:17-CV-981 RLW
)
THE CITY OF ST. LOUIS, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Directed to Defendant the City of Jennings ("Jennings") (ECF No. 67). This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Christina Brooks ("Brooks") filed this lawsuit on behalf of her son, DeJuan Brison ("Brison"), who was confined at the St. Louis City Justice Center from October 1, 2014 to October 4, 2014, and hung himself four hours after being transferred to the Jennings Detention Center. Count XI alleges that Brison died as a result of Jennings operating a "modern debtors' prison" in violation of 42 U.S.C. §1983, as well as violations of the First, Fourth Sixth, Thirteen, and Fourteenth Amendments of the United States Constitution. (ECF No. 68 at 2; Complaint, ECF No. 3, at 43-47). Brooks refers this Court to *Samantha Jenkins v. The City of Jennings*, 4:15cv252CEJ (E.D. Mo. Sept. 16, 2015) to support her contention that her discovery requests are relevant and proportional to Count X and XI of her Complaint. In *Jenkins*, the class of plaintiffs was comprised of individuals who were jailed by Jennings because they were unable to pay fines imposed by Jennings as a result of traffic tickets or other minor offenses. In *Jenkins*, it

was alleged that Jennings imprisoned those plaintiffs solely because they could not afford to make a monetary payment related to fines issued by the municipal court. In addition, it was alleged that no inquiry was made into the individual's ability to pay the fines issued by the Court. Jennings maintains that this case is inapposite because Jennings never levied fines against Brison or issued warrants for his failure to pay such fines. Instead of fining Brison for his 2012 Theft charge and his 2013 Failure to Appear charge, the municipal court ordered Brison to complete a state-sponsored financial responsibility class after Brison failed to appear in Court three times.[1]

## LEGAL STANDARD FOR MOTION TO COMPEL

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). The Federal rules further provide for limits on discovery requests. Specifically,

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii). Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery.

---

[1] Brooks, however, claims that Brison did not complete this course because of the course fee. *See* ECF No. 72 at 3.

## DISCUSSION

### A. Requests 33 through 38 and Interrogatories 16 through 20

Brooks claims that these interrogatories and requests for production are related to Count XI of her Complaint. Brooks asserts that these requests are tailored to identify evidence in Jennings' possession that it was operating a debtors' prison.

Interrogatory 17 asks Jennings to state the amount of its revenues generated for 2012 through 2015 from (a) court-ordered fines and fees, (b) the collection of court-ordered fines and fees from legal violations; and (c) the issuance of warrants. (ECF No. 68 at 6). Requests 35, 36, and 37 correspond to that interrogatory and direct Jennings to produce documents relating to the revenues generated by Jennings from its fines, fees, collection efforts and warrants for 2012 to 2015. (ECF No. 68 at 6). Brooks claims that these requests relate to the allegation in this case that Jennings was levying exorbitant fines and costs in an effort to maximize revenues and profits. (ECF No. 68 at 6).

Interrogatory 18 asks Jennings to state the amount of expected police and court revenue Jennings predicted in its revenue projections for 2012 through 2015. (ECF No. 68 at 6). Request 38 likewise seeks documents relating to Jennings' projections, goals, and strategies for generating revenue from these fines, fees, collection efforts and warrants for 2012 through 2015. Brooks claims these requests relate to Jennings' scheme to use this revenue to meet its yearly budget goals. (ECF No. 68 at 7).

Interrogatory 19 asks Jennings to state the number of hearings it held in 2012 through 2015 related to an individual's ability to pay court-imposed fines prior to, during, or after the individual was detained. (ECF No. 68 at 7). Interrogatory 20 asks Jennings to state the

number of individuals in 2012 through 2015 who, as a result of such hearings, were released or not detained due to their inability to pay the court-imposed fine. (ECF No. 68 at 7).

Jennings objects to these interrogatories and requests on the basis that they are irrelevant to Brooks' claims. Jennings further asserts that it does not have to produce documents or respond to interrogatories because they are overly broad and unduly burdensome. Jennings notes that Brooks seeks documents and information for each and every warrant issued by Jennings from 2012 through 2015 failure to appear, traffic violations, or misdemeanor violations and revenue generated by Jennings from 2012 through 2015 from warrants issued and court-ordered finds and/or fees for these legal violations. (ECF No. 71 at 2). Jennings asserts that these requests are not limited to the fines, warrants, fees and/or revenues generated from Brison. Notably, Brison was not fined by Jennings as a result of his 2012 Theft Charge or 2013 Charge for Failure to Appear in Court. (ECF No. 71 at 2, n.1). Because Court fines were not at issue in the instant case, Jennings argues that this entire line of requested discovery is improper. (ECF No. 71 at 7).

Brooks responds that these requests and interrogatories are tailored to the allegations in Count XI of her Complaint. (ECF No. 68 at 7). Brooks contends that these document requests and interrogatories are properly limited in time from 2012 through 2015, which is the time period of 2 years before Brison's death and ending the year that Jennings was forced by the Court to stop its alleged "modern debtors' prison". (ECF No. 68 at 8). Brooks also maintains that these requests and interrogatories are limited to the issues in Count XI of the Complaint. Finally, Brooks contends that there is nothing confidential or proprietary about the information sought. Brooks states that she seeks information that any municipality would be required to produce to any citizen upon the receipt of an appropriate Missouri Sunshine

Law or Freedom of Information Act request. (ECF No. 68 at 8-9). Nevertheless, Brooks would enter into an appropriate protective order. (ECF No. 68 at 9).

The Court holds that these discovery requests are irrelevant to Brooks' claim and are overbroad and unduly burdensome. Brooks' claims against Jennings are based upon discrete events that occurred over the course of four hours in 2014. Brooks is not entitled to several years' worth of financial information based upon her conjecture that Jennings is running a "modern day debtors' prison." Brooks' Motion to Compel is denied.

**B. Interrogatories 13, 14**

Brooks claims that Interrogatories 13 and 14 relate to Count X of her Complaint. Interrogatory 13 asks Jennings to identify all corrections officers at the Jennings Detention Center who were terminated from October 2010 through the present and to provide their contact information and reason for termination. (ECF No. 68 at 9). Interrogatory 14 asks Jennings to identify all corrections officers employed by Jennings from October 2010 through the present and to provide their contact information. Brooks claims that she must be able to identify, contact, and depose correctional officers from the facility at issue to obtain evidence of the training and procedures were received by those correctional officers. Brooks further states that she should not be limited to speaking to correctional officers who are still under Jennings' control. (ECF No. 68 at 9-10). Brooks claims that these discovery requests are narrowly tailored for information and limited to only those employed after October 2010. Brooks asserts that these requests can be satisfied by a "simple roster of employees for those years." (ECF No. 68 at 10). Brooks maintains that she does not seek confidential information because she does not seek employee personnel files. (ECF No. 72 at 8).

Jennings objects to these interrogatories on the grounds that they are overly broad, unduly burdensome, not properly limited in time and scope, and irrelevant. (ECF No. 71 at 7). In addition, Jennings notes that these interrogatories seek information that is irrelevant to Brooks' claims and not proportional to the needs of this case. Jennings objects that these interrogatories seek information from employees' personnel files that is confidential and subject to privacy concerns. (ECF No. 71 at 7-8). Notably, none of the terminated employees since 2010 had any contact with Brison. In addition, Jennings maintains that these interrogatories are overbroad and unduly burdensome because they seek the identity of all individuals employed by Jennings from 2010 to the present, even though Brison was only detained at the Jennings Jail on October 4, 2014.

The Court agrees that Brooks' interrogatories 13 and 14 seek personnel information regarding employees that is irrelevant to this action. Brooks has failed to provide any connection between these employees' personnel information and Brison's death. Further, Jennings has already provided Brooks information regarding training provided to its employees, which is sufficient for purposes of this lawsuit absent any actual evidence that the stated training was not performed. Plaintiff's Motion to Compel is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Directed to Defendant the City of Jennings (ECF No. 67) is **DENIED**.

Dated this 17th day of May, 2018.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE