# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CECILIA PERRY, as Plaintiff Ad Litem for Christina Brooks, and D.B., D.B., D.B., and D.B., by and through their Next Friend, CECILIA PERRY, on behalf of all beneficiaries pursuant to Section 537.080, Mo. Rev. Stat., <br><br> Plaintiff, <br> v. <br><br> THE CITY OF ST. LOUIS, et al., <br><br> Defendants. | No. 4:17CV981 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Clarity of the Court's Ruling and Motion to Reconsider the Denial of the Motion for Summary Judgment Filed by Defendant Kent Menning. ("Motion," ECF No. 151)

The Court grants the Motion, in part, as to the request for clarity. The Court included a qualified immunity analysis concerning Menning in its July 1, 2019 Memorandum and Order because the parties had fully briefed the issue. No ambiguity was intended. As the parties have conceded, and the Court has repeatedly noted, the only claim Plaintiff has asserted against Menning is common law negligence. (ECF No. 143, at 1 n.2; ECF No. 148, at 6)

Menning asks the Court to reconsider its ruling that he was not entitled to summary judgment. Menning has not offered a good reason for the Court to reconsider its denial. As the Court explained in its July 1, 2019 Memorandum and Order, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in her favor. *Celotex Corp. v. Citrate*, 477 U.S. 317, 331 (1986). The Court's function at the summary

judgment stage is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "*Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.*" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (emphasis added) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Here, Menning has forcefully maintained he recalls his interactions regarding the decedent, DeJuan Brison, and denies that Jermanda Adams informed him that Brison was on "close observation" at the time of his transfer or had recently been on full suicide watch. (Menning Dep. 68: 17-69:6; 71: 19-72:24) Adams, despite admitting to not remembering her interactions with Brison, nevertheless testified that she would have orally informed Menning that Brison was on close observation if Brison was on a crisis watch status at the time of his transfer. (Adams Dep. 7: 18-8: l; 45:22-48: 16) This dispute is a credibility determination that the Court cannot make at the summary judgment stage. Consequently, the Court reaffirms that this decision is properly for a jury to decide and denies the motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Clarity of the Court's Ruling and Motion to Reconsider the Denial of the Motion for Summary Judgment Filed by Defendant Kent Menning (ECF No. 151) is **GRANTED in part and DENIED in part**.

Dated this 15th day of July, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**