UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CECELIA PERRY, et al., on behalf of all | ) | |
| Beneficiaries, pursuant to Section 537.080, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:17CV-981 RLW |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Modify Court's April 29, 2021 Docket Order (ECF No. 164) and Defendant City of St. Louis' Motion for Relief from Court Orders (ECF No. 168), following the issuance of the Court's Opinion and Judgment (ECF Nos. 42, 43) in Appeal No. 20-2950, which reversed in part this Court's Memorandum and Order (ECF No. 148), and remanded for further proceedings consistent with the Eighth Circuit's Opinion.  The Eighth Circuit reversed the decision of this Court and found that Defendant Jermanda Adams was entitled to qualified immunity. In the Court's April 29, 2021 Order, the Court found that Defendant Jermanda Adams was entitled to qualified immunity, granted her motion for summary judgment, and entered judgment in favor of Defendant Jermanda Adams on Count I and Count VI.   Count I was a claim for common law negligence against Defendant Adams and Count VI was a claim under 42 U.S.C. § 1983 against Defendant Adams.

1

I.     **Plaintiff's Motion for Reconsideration of Plaintiff's Common Law Negligence Claim in Count I**

### A. Standard of Review

The Federal Rules of Civil Procedure do not provide for "motions for reconsideration." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017); *Winfrey v. Ford Motor Co.*, No. 4:19-CV-00889-DGK, 2020 WL 5541081, at *1 (W.D. Mo. Aug. 20, 2020). Courts "typically construe [a motion for reconsideration] as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011).   Rule 60(b) allows relief from an order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to meet Rule 59(e)'s deadline; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; a judgment based on an earlier judgment that has been reversed or vacated; or when applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); *see also Elder–Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006). "Relief under Rule 60(b) is an extraordinary remedy that is justified only under exceptional circumstances." *Prudential Ins. Co. of Am. v. Natl. Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (citation omitted).

"A district court has wide discretion over whether to grant a motion for reconsideration of a prior order[.]" *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019)(citing *In re Charter Commc'ns, Inc., Sec. Litig.*, 443 F.3d 987, 993 (8th Cir. 2006)).   "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm.*

*Co.*, 791 F.3d 915, 923 (8th Cir. 2015). "Nor may a motion for reconsideration serve to introduce evidence that the movant could have produced before the district court decided the prior motion." *SPV-LS, LLC*, 912 F.3d at 1111 (citing *Julianello*, 791 F. 3d at 922; *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (stating that motions for reconsideration cannot be used to introduce new evidence or legal theories that "could have been adduced during pendency of the summary judgment motion" (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987))). A district court does not abuse its discretion in denying a motion for reconsideration used for such an "impermissible purpose." *Julianello*, 791 F.3d at 923.

### B.  Discussion

The Court erroneously omitted Plaintiff's claim for common law negligence (Count I) as one of the counts that remained pending in this action.  The Court previously denied Defendant Adams's motion for summary judgment as to Plaintiff's common law negligence claim in Count I. *See* ECF No. 148 at 8-12.  Defendant Adams did not appeal this Court's decision as to Count I, and the Eighth Circuit's opinion likewise did not address Count I.

Defendant Adams asks this Court to extrapolate from the Eighth Circuit's opinion and recent Missouri state court case law that this Court should grant summary judgment as to Count I.  A motion for reconsideration of the Court's April 29, 2021 Order is not the proper vehicle for this legal determination.   It would be an "impermissible purpose" to allow the Court to consider Count I on a motion for reconsideration when the Court previously denied summary judgment on that Count and it was not previously appealed.   The Court grants Plaintiff's Motion for Reconsideration to correct the Court's April 29, 2021 Order, and revives Count I; Count I remains pending in this action.

3

II.     **Defendant City of St. Louis' Motion for Reconsideration of Plaintiff's Section 1983 Failure to Train Claim in Count IV**

The City of St. Louis ("the City") asks this Court for relief from this Court's July 1, 2019 and April 29, 2021 Orders  (ECF No. 168).   On April 5, 2021, the Eighth Circuit issued its decision reversing this Court's denial of summary judgment to Defendant Adams on Plaintiff's § 1983 deliberate indifference to a substantial risk of suicide claim.   The City asks the Court to reconsider its Order denying the City's Motion for Summary Judgment based upon the Eighth Circuit's Order.[1]   The Eighth Circuit found that the City's employee, Jermanda Adams, was entitled to qualified immunity.   In its opinion, the Eighth Circuit stated, "[h]ere, short of a suicide risk which a mental health professional found to be absent, the plaintiffs do not identify what risk of 'serious harm' Brison faced and what actual knowledge Adams possessed regarding any such risk."  *Perry v. Adams*, 993 F.3d 584, 588 (8th Cir. 2021).   The City maintains that it is entitled to summary judgment on Plaintiff's failure to train claim against a municipal employer.   The City argues since municipal employee Jermanda Adams has qualified immunity for the underlying action giving rise to the claim, then the Court must also enter judgment in favor of the City on the §1983 failure to train claim.

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). "The process of seeking reconsideration could be transformed into an endless chain of motions, filing a motion to reconsider the denial of the motion to reconsider, *ad infinitum*." Wright v. Foster, No. CV 13-1014, 2013 WL 6154723, at *3 (D.S.D. Nov. 22, 2013); *S. Dakota Wheat Growers Ass'n v. Chief Indus., Inc.*, No. 1:14-CV-01008-CBK, 2018 WL 8753724, at *1 (D.S.D. Oct. 17, 2018). The Court holds that a motion for reconsideration is not the proper vehicle for the Court to consider the effect of the

---

[1]  The City did not appeal the District Court's decision.

Eighth Circuit's opinion on the City, particularly when the City did not appeal this Court's decision.  The Court, therefore, denies the motion for reconsideration.  Plaintiff must refile a Motion for Summary Judgment if she wants the Court to consider this issue.2

Accordingly,

**IT IS HEREBY ORDERED** that this case is Plaintiff's Motion to Modify Court's April 29, 2021 Docket Order (ECF No. 164) is **GRANTED**.  Plaintiff's Common Law Negligence Claim against Defendant Jermanda Adams in Count I remains pending.

**IT IS FURTHER ORDERED** that Defendant City of St. Louis' Motion for Relief from Court Orders (ECF No. 168) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File her First Amended Complaint (ECF No. 167) is **GRANTED**.  Plaintiff shall file an amended complaint no later than **December 22, 2021**.

**IT IS FURTHER ORDERED** that Defendants shall serve their answers within twenty-one (21) days after the filing of Plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that Defendants' Request for Oral Argument (ECF No. 177) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that the parties shall file a joint proposed scheduling plan no later than **January 22, 2022**.

---

2 In her response, Plaintiff also asks the Court to reconsider its ruling striking Fred Barker's affidavit and precluding him from testifying at trial due to the failure to disclose him.   (ECF No. 174 at 8-10).   The Court will not consider this issue because it was raised in an opposition brief instead of as a separate motion.   If Plaintiff wishes to raise this issue, she must file it as a separate motion.

Dated this 13th day of December, 2021.


RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE