UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECILIA PERRY, *et al.*, on Behalf of All Beneficiaries, Pursuant to §537.080, RSMo., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Cause No: 4:17-CV-00981-RLW<br>) |
| THE CITY OF ST. LOUIS, *et al.*, | )<br>) |
| Defendants. | ) |

**PLAINTIFFS' MOTION TO REOPEN AND REVERSE THE SUMMARY JUDGMENT IN FAVOR OF DEFENDANT JERMANDA ADAMS AND FOR SANCTIONS AGAINST DEFENDANTS THE CITY OF ST. LOUIS AND JERMANDA ADAMS**

COME NOW Plaintiffs Cecilia Perry, *et al.*, and, pursuant to Fed. R. Civ. P. 60, 56, and 37, as well as the Court's inherent authority, respectfully move the Court for an order (1) reopening and denying Defendant Jermanda Adams's motion for summary judgment on Plaintiffs' claim pursuant to § 1983, (2) ordering Defendants City of St. Louis and Jermanda Adams ("Defendants") to pay Plaintiffs the attorneys' fees, costs, and expenses incurred in connection with the proceedings and pleadings necessitated by the false statements made in the affidavit of Mr. Fred Barker, including attorneys' fees, costs, and expenses associated with responding to Defendants' motion for summary judgment, addressing Defendants' interlocutory appeal, and addressing Defendant's post-appeal motions, with the precise amount to be determined by affidavits subsequently submitted by Plaintiffs' counsel or via an evidentiary hearing, and (3) striking Defendants' pleadings. In support of this motion, Plaintiffs state as follows:

1. Defendants did not disclose Mr. Fred Barker in its initial disclosures or its answers to interrogatories. (Exhibit 1, Defendants' Initial Disclosures; Exhibit 2, Defendants' Answers to

1

Interrogatories).[1] Defendants did not disclose Mr. Fred Barker as a testifying expert witness. Defendants did not disclose Mr. Fred Barker in any capacity at any point during discovery.

2.      On November 15, 2018, Defendants filed a motion for summary judgment. (Doc. # 92). Defendants' motion attached and relied on an affidavit from Mr. Barker. (Doc. # 93-5). The affidavit included multiple statements key to Defendants' arguments, including that: (1) Mr. Barker had downgraded Mr. Brison to "close observation" because Mr. Barker had "determined that Brison was not suicidal" (Doc. # 93-5, ¶ 14); (2) "close observation" meant that a detainee had been "evaluated by a mental health professional and determined to not be suicidal" (Doc. # 93-5, ¶ 15); (3) Mr. Barker would not downgrade an inmate to "close observation" unless he was "confident that the inmate was not at risk of self-harm (Doc. # 93-5, ¶ 16); and (4) based on his evaluation of Mr. Brison, Mr. Barker "was confident that he was not at risk of self-harm" (Doc. # 93-5, ¶ 17).

3.      On December 24, 2018, Plaintiffs moved to strike Mr. Barker's affidavit based on Defendants' failure to identify him during discovery. (Doc. # 103). Plaintiffs noted, as prejudice, that they had been precluded from evaluating the veracity of the statements in the affidavit. (Doc. # 103, pg. 4).

4.      On July 1, 2019, the Court denied Defendant Adams's motion for summary judgment. (Doc. # 148). The Court found that Defendants should have disclosed Mr. Barker as required by the Federal Rules of Civil Procedure. (Doc. # 148, pg. 31). The Court did not strike Mr. Barker's affidavit, but only because the Court found that, even with the affidavit, Defendants were not entitled to summary judgment. (Id.). The Court ordered, however, that Plaintiffs should

---

[1] The exhibits referenced herein are attached to Plaintiffs' contemporaneously filed memorandum in support of this motion.

be permitted to depose Mr. Barker prior to trial. (Id.).

5. On July 11, 2019, Defendants filed an interlocutory appeal of the Court's summary judgment order as to Plaintiffs' § 1983 claim against Defendant Adams. The appeal resulted in a stay of the case, precluding Plaintiffs from deposing Mr. Barker.

6. On appeal, Defendants relied heavily on Mr. Barker's affidavit, arguing that (1) Defendant Adams knew that "a mental health professional [Mr. Barker] had determined that Brison was not suicidal" (Appellant's Brief, pg. 13), (2) Defendant Adams had "relied on the medical opinion of a trained professional and reliance on that opinion cannot, as a matter of law, constitute deliberate indifference" (Appellant's Brief, pg. 15), and (3) that "it was not clearly established on October 4, 2014 that transferring an inmate to another jurisdiction *who had been evaluated by a mental health professional, determined not suicidal*, and placed on a status that the transferring officer knew *meant the inmate was not suicidal* without telling the receiving jurisdiction that the inmate was on such a status constitutes a constitutional violation." (Appellant's Brief, pg. 27 [emphasis added]).

7. Over Plaintiffs' protests, the Eighth Circuit Court of Appeals relied heavily on Mr. Barker's affidavit to overrule the Court's summary judgment decision:

> Framed at the level of specificity that the Supreme Court mandates for our analysis, we understand the specific question we must answer to be as follows: "Does a transferring officer violate a pretrial detainee's Fourteenth Amendment rights by failing to inform a receiving entity that the detainee is on close-observation status *if a mental health professional has determined that the detainee is not suicidal and if the applicable close-observation status is, in and of itself, indicative of the absence of a suicide risk*? Framed in this way, and even assuming that Adams had knowledge that Brison was on Close Observation, we find no clearly established right. Brison was *analyzed by a mental health professional and was on a watch status indicating he was not suicidal*. Therefore, this is not a case like Boswell v. Sherburne County, 849 F.2d 1117, 1122 (8th Cir. 1988), where a jailer with knowledge of a detainee's

serious medical condition failed to contact medical professionals or advise incoming jailers as to the detainee's risk.

*Perry v. Adams*, 993 F.3d 584, 587-88 (8th Cir. 2021) (emphasis added).

8. Based on the above, the Court was forced to reverse its earlier ruling and enter summary judgment in favor of Defendant Adams on Plaintiffs' § 1983 claim against her.

9. On April 11, 2022, after the Eight Circuit's ruling and the Court's entry of summary judgment in favor of Defendant Adams, Plaintiffs were finally afforded the opportunity to depose Mr. Barker. (Exhibit 4, Excerpts from the Deposition of Fred. P. Barker). The deposition revealed multiple material statements made in Mr. Barker's affidavit were blatantly false.

10. Directly contrary to the statements in his affidavit, Mr. Barker repeatedly testified that, at the time of his evaluation, he had deemed Mr. Brison to be not just at risk of suicide ***but at a moderate to high risk of suicide***. (Ex. 4, 45:20-25, 89:24-90:1, 123:18-124:13).

11. Directly contrary to the statements in his affidavit, Mr. Barker testified that "close observation" was still "suicide watch" and that an inmate on "close observation" was still considered to be at risk of suicide. (Ex. 4, 43:25-44:19, 45:7-12).

12. Directly contrary to the statements in his affidavit, Mr. Barker testified that he would never have placed Mr. Brison on "close observation" if it were not a suicide watch level, because Mr. Brison was still at risk of suicide. (Ex. 4, 90:10-91:14).

13. Mr. Barker also testified that, contrary to every argument that Defendants have ever raised at every level, Mr. Brison was not on "close observation" at the time of his transfer but, instead, ***was on full suicide watch***. (Ex. 4, 111:4-11).

14. Ultimately, Defendants' arguments to this Court and the Eighth Circuit Court of Appeals were based on material misstatements made in an affidavit by a witness that Defendants failed to disclose and that Plaintiffs, therefore, did not have an opportunity to depose.

15. Rule 60 of the Federal Rules of Civil Procedure grants the Court the authority to relieve a party from a final judgment or order when the judgment or order was obtained through misrepresentations or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3).

16. Rule 56 of the Federal Rules of Civil Procedure grants the Court the authority to order monetary or other appropriate sanctions, or even hold a party in contempt, when a party is found to have submitted an affidavit in support of summary judgment in bad faith. Fed. R. Civ. P. 56(h).

17. Rule 37 of the Federal Rules of Civil Procedure authorizes a Court to strike a party's pleadings or enter a default judgment as a sanction for failing to identify a witness as required by Rule 26(a) or (e). Fed. R. Civ. P. 37(c)(1)(C) (stating that the Court "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)); Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi) (authorizing orders striking pleadings in whole or in part, and rendering a default judgment against the disobedient party).

18. The above-detailed actions of Defendants combined with the obvious prejudice suffered by Plaintiffs – specifically including the improper loss of an entire claim by Plaintiffs, as well as the 3-plus years and hundreds of hours of time spent fighting this false affidavit in this Court and on appeal – warrants relief under each of the above-cited rules to the full extent authorized by those rules.

19. In further support of this motion, Plaintiffs incorporate their contemporaneously filed memorandum of law in support of this motion.

WHEREFORE Plaintiffs Cecilia Perry, *et al.*, respectfully pray for an order from the Court (1) reopening and denying Defendant Jermanda Adams's motion for summary judgment on Plaintiffs' claim pursuant to § 1983, (2) ordering Defendants City of St. Louis and Jermanda

Adams ("Defendants") to pay Plaintiffs the attorneys' fees, costs, and expenses incurred in connection with the proceedings and pleadings necessitated by the false statements made in the affidavit of Mr. Fred Barker, including attorneys' fees, costs, and expenses associated with responding to Defendants' motion for summary judgment, addressing Defendants' interlocutory appeal, and addressing Defendants' post-appeal motions, with the precise amount to be determined by affidavits subsequently submitted by Plaintiffs' counsel or via an evidentiary hearing, and (3) striking Defendants' pleadings, and for such other and further relief as the Court deems just and proper based on the circumstances presented.

Respectfully submitted,

*/s/ Todd R. Nissenholtz*
Todd R. Nissenholtz, #55049MO
COFMAN TOWNSLEY, L.L.P.
200 South Hanley Road, Suite 1070
St. Louis, MO 63105
Phone: 314.621.2005
Fax:    314.621.3118
tn@cofmantownsley.com

and

Jerryl T. Christmas, #45370MO
JERRYL T. CHRISTMAS & ASS., L.L.C.
6101 Delmar Blvd., Suite A
St. Louis, MO 63112
Phone: 314.361.2500
Fax:    314.361.2525
christmaslaw@yahoo.com
*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that, on June 16, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on counsel of record for all parties to this action.

                                                                   */s/ Todd R. Nissenholtz*