**EXHIBIT**

3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTINA BROOKS,** on behalf all | ) | |
| Beneficiaries, pursuant to Section 537.080, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:17-cv-00981-CEJ** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **CITY OF ST. LOUIS** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT CITY OF ST. LOUIS' ANSWERS
### TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW Defendant, City of St. Louis ("City"), by and through its attorney Julian Bush, City Counselor for the City of St. Louis, pursuant to Federal Rule of Civil Procedure 33, and for City's Answers to Plaintiff's First Set of Interrogatories states as follows:

**City objects to Plaintiff's "Definitions and Instructions." They are improper and not contemplated by the Federal Rules of Civil Procedure.**

### INTERROGATORIES

1.      Please state the name, address, job title, and employer of the person(s) answering these Interrogatories.

> **ANSWER**:   Dale Glass (with assistance from counsel)
> 200 S. Tucker Blvd.
> St. Louis, MO 63102
> Commissioner of the City of St. Louis Division of Corrections
> Employed by the City of St. Louis

2.      Please identify the chain of command at St. Louis City Justice Center at the time of the occurrence that is the subject of Plaintiff's Complaint with the name and

position of each employee of the center and whether each of these individuals are still employed by Defendant. If not, please identify the former employee's last known address and telephone number.

**ANSWER**:   Objection. This interrogatory is overly broad, unduly burdensome, and seeks irrelevant information not proportional to the needs of the case. It purports to seek the name, position, and employment status of numerous individuals who had no contact with Brison and are not likely to have discoverable information regarding any issue in this case. Moreover, this request is vague in that it is unclear what is meant by "employee of the center." Finally, City objects to the request for addresses and telephone numbers of former employee as that information is confidential and its disclosure could pose a security risk. Counsel for City will make all reasonable efforts to contact and produce these individuals if necessary. Without waiving that objection, pursuant to Federal Rule of Civil Procedure 33(d), please see attached documents bates labeled CITYSTL 00481 – 00512, and 00550 – 00552. Please also see Division of Corrections Post Assignments from 10/1/2014 to 10/4/2014, previously produced as CITYSTL 00080 – 00093, and SLMPD Prisoner Processing Division Duty Rosters previously produced as CITYSTL 00234 – 00241.

3.      State whether or not any insurance company has an interest in the outcome of this litigation against Defendants.  If so, state the following:

        a.      Name of the insurance company;

        b.      Whether the insurance company is a stock company or a mutual company;

        c.      Name of the insured;

        d.      Type(s) of insurance:

        e.      Effective policy;

        f.      Policy number;

        g.      Policy limits; and

        h.      Attach a copy of the Declaration Page or Certificate of Coverage of such policy of insurance to your answers to these Interrogatories.

**ANSWER**:   No.

4.      State all educational, training, experience, and skill requirements which are prerequisites to appointment as an employee of the City of St. Louis at the St. Louis City Justice Center for those hired from 2010 to the present.

**ANSWER:**   Please see attached Classification Specifications bates labeled CITSTL 00481 – 00505.

5.      Please state:

        a.      The length of time that the City of St. Louis detained DeJuan Brison at the St. Louis City Justice Center before deciding not to charge him;

        b.      The length of time that the City of St. Louis detained DeJuan Brison at the St. Louis City Justice Center after deciding not to charge him; and

        c.      The basis for the length of time that DeJuan Brison was held at the St. Louis City Justice Center without being charged.

**ANSWER:**   Objection. This interrogatory improperly assumes City decided not to charge Brison. State law felony and misdemeanor charging decisions are made by the Circuit Attorney's Office. Without waiving that objection, Brison was arrested the morning of 10/1/2014 and booked at the St. Louis City Justice Center on that date. Brison's State charges were taken under advisement by the Circuit Attorney's Office on 10/2/2014. Brison remained at the St. Louis City Justice Center pursuant to outstanding warrants from both the City of St. Louis Municipal Court and City of Jennings Municipal Court. On 10/3/2014, Brison appeared before the City of St. Louis Municipal Court. On 10/4/2014, Brison was transferred to the City of Jennings Detention Center pursuant to the remaining warrant in accordance with RSMo. § 544.170.3.

6.     Please identify all information related to the City of St. Louis's detention of DeJuan Brison at the St. Louis City Justice Center.

**ANSWER:**   Objection. This interrogatory is overly broad, unduly burdensome, and vague in that it is unclear what is meant by "identify all information related to the City of St. Louis's detention of Dejuan Brison." Moreover, this request is not limited in time or scope in any meaningful way and therefore seeks irrelevant information not proportional to the needs of the case.

7.     Please state why DeJuan Brison was placed on suicide watch at the St. Louis City Justice Center.

**ANSWER:**   According to Brison's "Suicide Watch Progress Note – Initial Visit," Brison was placed on suicide watch because, at intake, he said "I am going to hurt somebody." See previously produced document bates labeled CITY STL 00438. Investigation continues and City will supplement this answer if necessary.

4

8.     Please identify all information provided to the transporting officer and/or the City of Jennings relating to DeJuan Brison's suicide watch at the St. Louis City Justice Center.

**ANSWER:**     Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case as it appears to seek from City a description of information provided to the transporting officer or City of Jennings from any source, including from other entities like Corizon, LLC or non-City employees like Brison himself. Moreover, this interrogatory is vague in that it is unclear what is meant by "information… relating to Dejaun Brison's suicide watch." Without waiving that objection, City is not currently aware of any information indicating that any of its employees relayed information regarding Brison's prior suicide watch to either the transporting officer or the City of Jennings.

9.     List and identify:

a.     Each person this Defendant expects to call as an expert witness at the trial, stating for each such expert:

i.     Name;

ii.     Address;

iii.     Occupation;

iv.     Place of employment; and

v.     Qualifications to give an opinion (if such information is available on an expert's curriculum vitae you may copy thereof in lieu of answering this interrogatory subpart).

      b.      With respect to each expert listed, please state the subject matter on which the expert is expected to testify and the expert's hourly deposition fee.

**ANSWER**:    City has not identified any experts at this time.

10.    State whether there exist photographs, videotapes, movies, or any sort of surveillance footage with respect to the occurrences mentioned in the Complaint.  If so, state the following:

      a.      Describe each photograph, video, or movie;

      b.      State the date each was taken;

      c.      State the name and address of the person taking each such photo, video, or movie; and

      c.      State the name, address, employer, insurer and job title of the person presently having control or custody of each photograph, video, or movie.

**ANSWER**:    Objection. This interrogatory is overly broad, unduly burdensome, and vague in that it is unclear what is meant by "with respect to occurrences mentioned in the complaint." Without waiving that objection, City is not aware of any other than those previously produced.

11.    State whether or not, following the date of the occurrence(s) mentioned in the Complaint in this case, a statement, interview, or report, or a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, of the Plaintiff, or of a statement made by Plaintiff and contemporaneously recorded, has been secured from Plaintiff or taken of Plaintiff.

**ANSWER:**    Objection. This interrogatory is overly broad, unduly burdensome, and seeks irrelevant information not proportional to the needs of the case. This is so because the interrogatory is not limited in scope in any way and appears to enquire regarding any statement made by Plaintiff at any time after the occurrences mentioned in the Complaint without subject matter limitation. Without waiving that objection, Plaintiff testified before the Supreme Court Working Group on Municipal Courts on November 12, 2015.

12.    State the names and addresses of each person known by this Defendant, this Defendant's representatives or this Defendant's attorney to have witnessed the occurrences mentioned in the Complaint.

**ANSWER:** Objection. This interrogatory is overly broad, unduly burdensome, and vague in that it is unclear what is meant by "the occurrences mentioned in the complaint." Without waiving that objection, none other than those identified in the St. Louis County Police Department Investigative Report or otherwise identified in documents previously produced.

13.    Identify the individuals in charge of the detention area(s) where DeJuan Brison was held and from where he was transferred.

**ANSWER:**    Objection. This interrogatory is overly broad, unduly burdensome, and vague in that it is not limited in time or scope. Without waiving that objection, pursuant to Federal Rule of Civil Procedure 33(d), please see attached documents bates labeled CITYSTL 00481 – 00512, and 00550 – 00552. Please also see Division of Corrections Post Assignments from 10/1/2014 to 10/4/2014, previously produced as CITYSTL 00080 – 00093, and SLMPD Prisoner Processing Division Duty Rosters previously produced as CITYSTL 00234 – 00241.

14.     Identify all detainees in the St. Louis City Justice Center at any time during the length of DeJuan Brison's detention and provide all known contact information.

**ANSWER:**    Objection. This interrogatory is overly broad, unduly burdensome, and seeks irrelevant information not proportional to the needs of the case. From October 1, 2014 to October 4, 2014 there were more than 500 inmates incarcerated at the St. Louis City Justice Center. The burden and expense of compiling the information requested by the interrogatory would be substantial, and there is no indication that the requested information would have any bearing on any issue in this case. Moreover, this interrogatory seeks confidential information, the disclosure of which would unduly invade inmates' privacy and may pose a security risk.

15.     Identify all individuals working in the St. Louis City Justice Center at any time during the length of DeJuan Brison's detention, whether employed by the City of St. Louis or a third-party, and provide all identifying and contact information.

**ANSWER:**    Objection. This interrogatory is overly broad, unduly burdensome, and seeks irrelevant information not proportional to the needs of the case. Of the many individuals working in the St. Louis City Justice Center from October 1, 2014 to October 4, 2014, the vast majority had no contact with Brison and there is no indication that the requested information would have any bearing on any issue in this case. Moreover, the requested contact information is confidential and its disclosure could pose a security risk. Counsel for City will make all reasonable efforts to contact and produce these individuals if necessary. Without waiving that objection, please see Division of Corrections Post Assignments from 10/1/2014 to 10/4/2014, previously produced as CITYSTL 00080 –

00093, and SLMPD Prisoner Processing Division Duty Rosters previously produced as CITYSTL 00234 – 00241. Please also see attached documents bates labeled CITYSTL 00443 – 00480.

Respectfully submitted,

JULIAN BUSH
CITY COUNSELOR

/s/ Andrew D. Wheaton
Andrew D. Wheaton  #65269 MO
Associate City Counselor
Attorney for City of St. Louis Defendants
City Hall, Room 314,
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
wheatona@stlouis-mo.gov

## **SWORN SIGNATURE**

STATE OF MISSOURI        )
                                 )
COUNTY OF _____ )

     Dale Glass, being duly sworn on his oath, states he is the person to whom the foregoing interrogatories are directed and that the answers given are true to the best of his knowledge and belief.

_____
                                       AFFIANT

Subscribed and sworn to before me this ___*4th*___ day of ___*October*___, 20*17*.

_____
                                  NOTARY PUBLIC

VERONICA J. GALMIN
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis City
My Commission Expires: March 02, 2018
Commission Number: 14587480

My commission expires: *March 2, 2018*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2017, the foregoing was electronically sent via email in PDF format to Todd Nissenholtz (tn@cofmantownsley.com) and Jerryl Christmas (christmaslaw@yahoo.com), attorneys for Plaintiff.

/s/ Andrew D. Wheaton