**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHRISTINA BROOKS, on behalf of all Beneficiaries, pursuant to Section 537.080, ) ) ) | |
| Plaintiff, ) ) | Cause No.: 4:17-cv-00981-RLW |
| v. ) ) ) | JURY TRIAL DEMANDED |
| THE CITY OF ST. LOUIS, ST. LOUIS CITY JUSTICE CENTER, DALE GLASS, JOSHUA HILL, CARL MYERS, LYNN PAGE, JERMANDA ADAMS, THE CITY OF JENNINGS, THE CITY OF JENNINGS DETENTION CENTER, EUGENE NEAL, RICK CRIM, DEMETRIUS STAPLES, AYKAN ACIKGOZ, KELLYE STILL, KYLE BASHAW, YVETTE HARRIS, KEVIN STEVENER, AND KENT MENNING, ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**ANSWERS AND OBJECTIONS TO DEFENDANT THE CITY OF JENNINGS' INTERROGATORIES TO PLAINTIFF**

COMES NOW Plaintiff, by and through her attorneys, and for her answers and objections to Defendant City of Jennings' first set of interrogatories directed to Plaintiff states as follows:

**INTERROGATORIES**

1. State your full name, current residence address, date of birth, marital status, driver's license number and issuing state, and Social Security Number. State your relationship, if any, to decedent. Please list your marital history including the date of each marriage, name of each spouse, manner and date of termination of any past marriages, and the names, birth dates and present addresses of each of your children.

**ANSWER: Christina Marie Brooks, 3936 Vest Ave., St. Louis, MO 63107; June 16, 1971; Single; L059094001, Missouri; 497-78-xxxx; Natural mother; Kawanza Montsho, September 4, 1992, 5301 Euclid Ave., Apt. 507, St. Louis, MO 63115.**

1

2. State the full name and current residence address of each person who witnessed or claims to have witnessed the occurrence that is the subject of this suit (hereinafter referred to simply as the occurrence).

**ANSWER: See St. Louis County investigative report previously produced by Plaintiff.**

3. State the full name, current residence address, and telephone number of each person, not named in Interrogatory No. 2 above, who was present and/or claims to have been present at the scene immediately before, at the time of, and/or immediately after the occurrence. For each person, identify if they were present before, at the time of, and/or immediately after the occurrence.

**ANSWER: See St. Louis County investigative report previously produced by Plaintiff.**

4. With regard to the decedent, please state:

    (a) His full name;

    (b) His date of birth and social security number;

    (c) His date of death;

    (d) His marital status at the date of death, and the dates and place of all of his marriages;

    (e) His permanent residence address as of date of death;

    (f) His permanent residence address for five years prior to death; and

    (g) The name and address of the decedent's employer, if any, at the time of the occurrence, the decedent's wage and/or salary and the name of the decedent's supervisor and/or foreperson.

**ANSWER:**
    **(a) Dejuan LaVell Brison;**

    **(b) 12-9-87 and 500-96-xxxx;**

    **(c) 10-21-14;**

    **(d) Single;**

    **(e) 5840 Page Blvd, St. Louis, MO 63112;**

    **(f)  3936 Vest Ave., St. Louis, MO 63107**

    **(g)  Brooks Environmental Service Technicians, LLC, 4200 Union Blvd., #123, St. Louis, MO 63115.**

5.    Had the decedent suffered any personal injury or prolonged, serious and/or chronic condition, illness, or mental illness prior to the date of the occurrence? If so, state when and how the decedent was injured or when his condition, illness or mental illness began, describe the injuries and/or condition or illness suffered, and state the name and address of each physician, or other health care professional, hospital and/or clinic that rendered treatment to the decedent for each injury and/or serious and/or chronic condition or illness.

**ANSWER: No**.

6.    Please state the identity and address of each physician or medical provider who examined decedent in the five-year period before the date of the occurrence.

**ANSWER: None.**

7.    Had decedent ever received treatment for drug or alcohol abuse or addiction? If so, state when decedent sought treatment, and state the name and address of each physician, or other health care professional, hospital and/or clinic that rendered treatment to the decedent.

**ANSWER:  Yes, St. Louis' Medium Security Institution's drug rehabilitation program.**

8.    With regard to the decedent's injuries that allegedly resulted from the occurrence, state:

    (a)    The name and address of each attending physician and/or health care professional;

    (b)    The name and address of each consulting physician and/or other health care professional;

    (c)    The name and address of each person and/or laboratory taking any x-ray, MRI and/or other radiological tests of plaintiff;

    (d)    The date or inclusive dates on which each of them rendered service to plaintiff;

    (e)    The amounts billed to-date of their respective services; and

    (f)    From which of them you have written reports.

**ANSWER:**
**(a) Barnes-Jewish Hospital, Washington University Physicians;**
**(b) Barnes-Jewish Hospital, Washington University Physicians;**
**(c) Barnes-Jewish Hospital, Washington University Physicians;**

**Plaintiff directs Defendants to the medical records and bills previously produced for the additional detail requested by this interrogatory.**

9. As a result of injuries allegedly related to the occurrence, was the decedent a patient or out-patient in any hospital and/or clinic? If so, state the names and addresses of all hospitals and/or clinics, the amounts of their respective bills and the date or inclusive dates of their services.

**ANSWER: Barnes-Jewish Hospital, Washington University Physicians;**

**Plaintiff directs Defendants to the medical records and bills previously produced for the additional detail requested by this interrogatory.**

10. Are you are seeking lost wages on decedent's behalf? If so, state:

   (a) The name and address of the decendent's employer, if any, at the time of the occurrence, his wage and/or salary, and the name of his supervisor;
   (b) The date or inclusive dates on which he were unable to work; and
   (c) The amount of wage and/or income loss claimed by you on behalf of the decedent;

**ANSWER:**
   **(a) Brooks Environmental Service Technicians, LLC, 4200 Union Blvd, #123, St. Louis, MO 63115-1227; $18/hour;**
   **(b) Plaintiff was unable to work starting on October 1, 2014; and**
   **(c) Plaintiff will disclose amount pursuant to Court's order regarding expert disclosure.**

11. Are you personally, or on behalf of the decedent, claiming any psychiatric, psychological and/or emotional injuries as a result of the occurrence? If so, state:

   (a) The name of any psychiatric, psychological and/or emotional injury claimed and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury;

   (b) Whether you had suffered any psychiatric, psychological and/or emotional injury prior to the date of the occurrence; and

4

      (c)      If (b) is in the affirmative, please state when and the nature of any psychiatric, psychological and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury.

**ANSWER: Objection: vague and ambiguous. Plaintiff is claiming damages pursuant to Missouri's wrongful death statute. To the extent that expert testimony is required, Plaintiff will produce same pursuant to this Court's scheduling order.**

12.    Please state decedent's educational background, names and addresses of educational institutions, and years attended, and degrees, if any, of:

      (a)      Grammar school;

      (b)      High school;

      (c)      Post-graduate;

      (d)      Other.

**ANSWER:**
- **(a) Riverview Garden School District, 1370 Northumberland Dr., St. Louis, MO 63137;**
- **(b) Hazelwood Central High School, 15875 New Halls Ferry Road, Florissant, MO 63031;**
- **(c) None;**
- **(d) None.**

13.    Please state the source and level of income of decedent for the five-year period prior to his death, stating yearly income for said period.

**ANSWER: Brooks Environmental Service Technicians, $15.00/hour.**

14.    State the total amount of any funeral or burial expenses and what part thereof has been paid, and by whom.

**ANSWER: Approximately $4,000.00 total, all of which was paid by Plaintiff.**

15.    With regard to the beneficiaries or survivors of decedent, please state:

      (a)      The full name of each beneficiary or survivor;

      (b)      The relationship of each to decedent;

      (c)      The dates of birth of each;

    (d)    The residence address of each as of the date of decedent's death;

    (e)    The current custodian or legal guardian of any children;

    (f)    The amount of money decedent contributed to the support of the foregoing survivors or beneficiaries; and

    (g)    The amount of money contributed to the support of the foregoing survivors or beneficiaries from sources other than the decedent and the name and address or otherwise identify the source.

**ANSWER:**

    **(a)**    **Deaera Michelle Marie Brison;**

    **(b)**    **Daughter;**

    **(c)**    **8-21-07;**

    **(d)**    **5848 Page Blvd St. Louis, Mo 63112;**

    **(e)**    **Tamika Leonard;**

    **(f)**    **$2,000.00; and**

    **(g)**    **Objection: overbroad, irrelevant, not limited in scope.**

    **(a)**    **Dejuan LaVell Brison;**

    **(b)**    **Son;**

    **(c)**    **12-2-07;**

    **(d)**    **4337 Penrose, St. Louis, MO;**

    **(e)**    **Deonna White;**

    **(f)**    **$2,000.00; and**

    **(g)**    **Objection: overbroad, irrelevant, not limited in scope.**

 **(a) Devon Arvell Brison;**

 **(b) Son;**

 **(c) 1-12-08;**

 **(d) 4337 Penrose, St. Louis, MO;**

 **(e) Deonna White;**

 **(f) $2,000.00; and**

 **(g) Objection: overbroad, irrelevant, not limited in scope.**


 **(a) Dekuan Brison:**

 **(b) Son;**

 **(c) 9-11-10;**

 **(d) 5848 Page Blvd St. Louis, Mo 63112;**

 **(e) Tamika Leonard;**

 **(f) $2,000.00; and**

 **(g) Objection: overbroad, irrelevant, not limited in scope.**

16. Please state the names and addresses of all banks in which decedent maintained a checking and/or savings account, type of account and the names of each person besides decedent authorized to withdraw money therefrom.

 **ANSWER: Unknown.**

17. State the names and addresses of prospective witnesses concerning decedent's personal, family and business life, state the relationship of each prospective witness to decedent, and the matters of which he has knowledge.

 **ANSWER: Objection: this interrogatory seeks attorney work product, is overbroad in scope and time, and is vague and ambiguous.**

18. Did the decedent consume any alcoholic beverage of any type, or any sedative, stimulant or other drug, medicine or pill during the 24 hours immediately preceding the incident referred to in the Complaint? If so, state:

      (a) The type of alcoholic beverage, stimulant or other drug, medicine or pill;

      (b) The quantity of alcoholic beverage, stimulant or other drug, medicine or pill consumed;

      (c) The place and time of the consumption of the alcoholic beverage, stimulant or other drug, medicine or pill;

      (d) By whom the alcoholic beverage, stimulant or other drug, medicine or pill was purchased;

      (e) In whose presence the alcoholic beverage, stimulant or other drug, medicine or pill was consumed.

      (f) The names and addresses of any and all persons who have any knowledge of these items.

**ANSWER: No**

19. Did the decedent consume any alcoholic beverage of any type, or any sedative, stimulant or other drug, medicine or pill during the 24 hours prior to his arrest on October 1, 2014 for domestic assault? If so, state:

      (a) The type of alcoholic beverage, stimulant or other drug, medicine or pill;

      (b) The quantity of alcoholic beverage, stimulant or other drug, medicine or pill consumed;

      (c) The place and time of the consumption of the alcoholic beverage, stimulant or other drug, medicine or pill;

      (d) By whom the alcoholic beverage, stimulant or other drug, medicine or pill was purchased;

      (e) In whose presence the alcoholic beverage, stimulant or other drug, medicine or pill was consumed.

      (f) The names and addresses of any and all persons who have any knowledge of these items.

**ANSWER: No.**

20. State the names and addresses of prospective witnesses concerning decedent's arrest by St. Louis City Police for Domestic Assault on October 1, 2014, including those individuals involved in the domestic incident and those individuals present prior to, during, and immediately after the domestic incident or arrest.

**ANSWER: Objection: this interrogatory seeks attorney work product, is overbroad in scope and time, and is vague and ambiguous.**

21. State whether or not any autopsy was performed on the decedent. If so, state the date of the autopsy, the place and the person preparing same.

**ANSWER: Yes, October 24, 2014, Saint Louis County Medical Examiner's Office, George Gantner Building, 6059 N. Hanley Rd, St. Louis, Missouri 63134.**

22. State whether or not any tests were taken on any tissue or part of the decedent's body, including, but not limited to, blood test, liver test, kidney test, lung tissue, or any other part of the body. If so, state the date and place of said test and the name and address of the person performing said test, if known.

**ANSWER: Decedent underwent a series of medical tests at Barnes-Jewish Hospital. Plaintiff directs Defendants to the medical records previously produced for the additional detail requested by this interrogatory.**

23. Have you or the decedent received any payment or other consideration from any source in compensation for the injuries and damages alleged in the Complaint? If your answer is in the affirmative, state:

    (a) The amount of such payment and/or other consideration received;

    (b) The name of the person, firm, insurance company and/or corporation making such payment or providing other consideration and the reason for the payment and/or other consideration; and

    (c) Whether there are any documents evidencing such payment and/or other consideration received.

**ANSWER: No.**

24. State whether, since the date of the occurrence, you or the decedent have received any payments or benefits from any governmental entity. If so, state the amount of benefits received, the date that benefits commenced, whether said benefits are on-going and state the address and telephone number of the governmental office and/or representative from whom benefits have been received.

**ANSWER: No.**

25. State any and all other expenses and/or losses you claim as a result of the occurrence. As to each expense and/or loss, state the date or dates it was incurred, the name of the person, firm and/or company to whom such amounts are owed, whether the expense and/or loss in question has been paid and, if so, by whom it was so paid, and describe the reason and/or purpose for each expense and/or loss.

**ANSWER: Objection: vague/ambiguous, unlimited in time and scope, and seeks attorney work product. Plaintiff seeks damages under Missouri's wrongful death statute. To the extent that expert testimony is required, Plaintiff will produce same pursuant to this Court's scheduling order.**

26. Have you or the decedent ever filed any other lawsuits as a result of suffering personal injuries? If so, state the nature of the injuries claimed, the courts and the captions in which such lawsuits were filed, the years filed, and the titles and docket numbers of the suits.

**ANSWER: No.**

27. Have you (or has anyone acting on your behalf) had any conversations with any person (other than your attorney) at any time with regard to the manner in which the occurrence complained of occurred, or have you overheard any statements made by any person at any time with regard to the injuries complained of or to the manner in which the occurrence occurred? If the answer to this interrogatory is in the affirmative, state the following:

    (a) The date or dates of such conversations and/or statements;

    (b) The place of such conversations and/or statements;

    (c) All persons present for the conversations and/or statements;

    (d) The matters and things stated by the person in the conversations and/or statements;

    (e) Whether the conversation was oral, written and/or recorded; and

    (f) Who has possession of the statement if written and/or recorded.

**ANSWER: No.**

28. Do you know of any statements made by any person relating to the occurrence? If so, give the name and address of each such witness, the date of the statement, and state whether such statement was written and/or oral.

**ANSWER: None other than the statements indicated in the St. Louis County Police Department's investigative report and audio, which Plaintiff previously produced to Defendants.**

29. List the names, addresses, and phone numbers of all other persons (other than yourself and persons heretofore listed) who have knowledge of the facts of the occurrence and/or the injuries and damages to have resulted therefrom.

**ANSWER: Plaintiff has no knowledge of additional persons.**

30. Were any photographs, movies and/or videotapes taken of the scene of the incident or of the persons involved? If so, state the date or dates on which such photographs, movies and/or videotapes were taken, the subject thereof, who now has custody of them, and identify the person taking them.

**ANSWER: Plaintiff directs Defendant to the photographs previously produced. In addition, Jennings Corrections Department surveillance video is available from Defendant Jennings.**

31. List and identify:

   (a) Each person this plaintiff expects to call as an expert witness at the trial, stating for each such expert:
   (i) Name;
   (ii) Address;
   (iii) Occupation;
   (iv) Place of Employment;
   (v) Qualifications to give an opinion (if such information is available on an expert's curriculum vitae, you may attach a copy thereof in lieu of answering this interrogatory subpart).

   (b) With respect to each expert listed, please state the subject matter on which the expert is expected to testify and the expert's hourly deposition fee.

   (c) Identify each non-retained expert witness, including a party, who the plaintiff expects to call at trial who may provide expert witness opinion testimony by providing the expert's name, address, and field of expertise. State also any opinions the expert will testify to at trial.

**ANSWER: Plaintiff objects to subsection (c) of this interrogatory in that it seeks information protected from disclosure by work product immunity and beyond what is authorized by the Federal Rules of Civil Procedure, with respect to the requirement that Plaintiff disclose the opinions to which a non-retained expert will testify to at trial. Subject to and without waiving these objections, Plaintiff states that, at this time, she has not identified retained or non-retained experts that she expects to call at trial, and that she will supplement her answer in the time and the manner required by the Federal Rules of Civil Procedure and this Court's scheduling order.**

32. Identify any statements, information and/or documents known to you and requested by any of the foregoing Interrogatories which you claim to be work product or subject

to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim.

**ANSWER: No documents being withheld.**

33.　State whether you claim to have lost any pecuniary value from the death of your decedent as the result of the alleged negligence of defendant(s) and, if so, state with specificity the amount claimed to be lost and describe in exact detail how said value was calculated.

**ANSWER: Yes, Plaintiff will supplement the amount claimed and calculation in conformity with Federal Rules of Civil Procedure and this Court's scheduling order.**

Respectfully submitted,

/s/ Todd R. Nissenholtz
Todd R. Nissenholtz, #55049MO
COFMAN & TOWNSLEY, L.L.P.
200 S. Hanley Road, Suite 1070
St. Louis, Missouri 63105
314.621.2005
314.621.3118 (facsimile)
tn@cofmantownsley.com

and

Jerryl T. Christmas, #45370MO
JERRYL T. CHRISTMAS & ASS., L.L.C.
6101 Delmar Blvd. Suite A
St. Louis, MO 63112
314-361-2500
314-361-2525 Fax
christmaslaw@yahoo.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

　　The above signed hereby certifies that a true and correct copy of the foregoing was forwarded via email to all counsel of record on this 21st day of November, 2017.