UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECELIA PERRY, et al., on behalf of all Beneficiaries, pursuant to Section 537.080, <br><br>  Plaintiff, <br><br> v. <br><br> CITY OF ST. LOUIS, et al., <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) )   No. 4:17-CV-981 RLW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Joint Motion for a 60-Day Stay (ECF No. 270)**.** The parties ask the Court to stay this action in its entirety, including but not limited to all rulings on all pending motions and all existing briefing and pre-trial deadlines, for a period of 60-days up to and through November 21, 2022, and continue the trial setting to allow the parties the opportunity to discuss potential settlement.

The Court will grant a brief stay to allow the parties to pursue settlement.  The Court will grant a stay until November 14, 2022.  The parties shall provide a joint status report to the Court no later than November 14, 2022.  If the parties are unable to settle this case, the Court will hold a jury trial beginning on Monday, December 19, 2022.

Accordingly,

**IT IS HEREBY ORDERED** that Joint Motion for a 60-Day Stay (ECF No. 270) is **GRANTED,** in part.  The parties shall file a joint status report no later than **November 14, 2022**, stating whether the parties have settled.  No additional extensions will be permitted without extremely good cause shown.

**IT IS FURTHER ORDERED** that this action is set for a **JURY** trial on **December 19, 2022**, at 9:00 a.m.   This is a two week docket.

In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:

1. **Stipulation**:   Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses**:

(a)   Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b)   Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits**:

(a)   Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.   The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b)   Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c)   Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.   Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

4. **Depositions, Interrogatory Answers, and Request for Admissions**:

(a)   Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.   At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing

counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.   Any objections not made as above required may be considered waived.

5. **Instructions**: Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts.   The parties may submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions.   (Each request must be supported by at least one pertinent citation.)   The parties must email a copy of the instructions in a word-processing format (not .pdf) to the Clerk at: MOEDml_Team_RLW-MTS-NCC@moed.uscourts.gov.

6. **Trial Brief**: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

7. **Motions in Limine**:   File all motions in limine to exclude evidence at least twenty (20) days before trial.   The Court will not consider any motion in limine unless it contains a statement that the movant's counsel has conferred *in person or by telephone* with opposing counsel in a good faith effort to resolve the dispute presented by the motion.   Opposition to a motion in limine must be filed no later than five (5) days after the motion in limine is served.

8. **Pretrial Compliance Materials**:   The parties shall mail or hand-deliver to chambers a paper working copy (courtesy copy) of all pretrial compliance materials including motions in limine.   Courtesy copies must be printed on one side of the page only.

Failure to comply with any part of this Order may result in the imposition of sanctions, including but not limited to dismissal of the action, entry of a default judgment, or restrictions on the admissibility of evidence.   See Local Rule 5.04.

Dated this 23rd day of September, 2022.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE