UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECELIA PERRY, et al., on behalf of all beneficiaries pursuant to Section 537.080, <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY OF ST. LOUIS, et al., <br><br> Defendants. | Case No.: 4:17-cv-00981-RLW |

**FINAL JUDGMENT AND ORDER APPROVING
<u>WRONGFUL DEATH AND MINOR SETTLEMENTS</u>**

Before the Court is the motion of Plaintiffs Cecilia Perry as Plaintiff Ad Litem for Christina Brooks, deceased, and D.B., D.B., D.B., and D.B., all minor children, by and through their Next Friend, Cecilia Perry (sometimes collectively referred to herein as "Plaintiffs") to approve the wrongful death and minor settlements offered by Defendants The City of St. Louis, Ms. Jermanda Adams, The City of Jennings, and Mr. Kent Menning. Having reviewed the pleadings and the evidence presented by the parties, the Court hereby enters the following final judgment and order:

1. This action arises out of the death of Mr. DeJuan Brison ("Decedent").

2. Ms. Christina Brooks was the natural mother of Decedent, and ▇▇▇▇▇▇, ▇▇▇▇▇▇ ▇▇▇▇▇▇, and ▇▇▇▇▇▇ are the four natural children of Decedent.

3. Collectively, Ms. Christina Brooks, ▇▇▇▇▇▇ ▇▇▇▇▇▇ and ▇▇▇▇▇▇ are the only members of the class of persons entitled to sue and recover for the wrongful death of Decedent, pursuant to Section 537.080, RSMo.

4. On February 17, 2017, Ms. Christina Brooks, on behalf of all beneficiaries pursuant to Section 537.080, RSMo., filed a petition alleging that, among others, the City of St.

Louis, Ms. Jermanda Adams, the City of Jennings, and Mr. Kent Menning were liable for the wrongful death of Decedent.

5. The City of St. Louis, Ms. Jermanda Adams, The City of Jennings, and Mr. Kent Menning represent all the remaining defendants in this action, with all other originally named defendants having already been terminated from this action via dismissal or summary judgment.

6. On December 10, 2018, Ms. Christina Brooks died, and, on February 13, 2019, the Court entered an order (a) appointing Ms. Cecilia Perry to serve as Plaintiff Ad Litem for Ms. Christina Brooks, (b) adding ▮▮▮▮▮ and ▮▮▮▮▮ to the lawsuit, and (c) appointing Ms. Cecilia Perry as the Next Friend for the minor children ▮▮▮▮▮ and ▮▮▮▮▮.

7. Defendants the City of St. Louis, Ms. Jermanda Adams, the City of Jennings, and Mr. Kent Menning each dispute the respective claims of liability for Decedent's death. However, each, while continuing to contest liability for the death of Decedent, have made the following offers to settle and resolve all of Plaintiffs' claims against them, in exchange for the payment of the following settlement amounts (the "Settlement Amounts"), totaling ▮▮▮▮▮ (the "Total Gross Settlement"):

    a. The City of St. Louis and Ms. Jermanda Adams have offered to pay the sum of ▮▮▮▮▮ in one lump sum payment, in exchange for a release of all claims against them;

    b. The City of Jennings has offered to pay the sum of ▮▮▮▮▮ in one lump sum payment, in exchange for a release of all claims against it; and

    c. St. Louis County has offered to pay the sum of ▮▮▮▮▮ in one lump sum payment, in exchange for a release of all claims against St. Louis County and its former employee Mr. Kent Menning, named as Defendant in his professional capacity..

8. In exchange for payment of the settlement amounts, Ms. Cecilia Perry, as Plaintiff Ad Litem for Ms. Christina Brooks and as Next Friend for ▮▮▮▮▮

███████, and ███████████ would be required to execute agreements releasing each of the Defendants from all claims and causes of action arising out of or relating to the incident at issue in this action (the "Proposed Releases") and to file a satisfaction of judgment upon payment of the Settlement Amounts, thereby extinguishing this lawsuit (the "Satisfactions of Judgments").

9. Plaintiffs understand that they would otherwise be entitled to a jury trial against Defendants and that, in such a trial, Plaintiffs could receive more than the amounts described in the Proposed Judgment, or could receive a lessor amount, or nothing at all.

10. Plaintiffs understand that, if the Court approves the settlement and the execution of the Proposed Releases, Plaintiffs will be forever barred from bringing any action in this or any other Court against Defendants for any damages of any kind whatsoever arising from Decedent's death.

11. Plaintiffs Cecilia Perry, as Plaintiff Ad Litem for Ms. Christina Brooks, and ███████████████████████ and ███████████ by and through their Next Friend, Cecilia Perry, have informed the Court that they believe it would be in the best interests of all parties entitled to sue and recover for the wrongful death of Decedent, pursuant to Section 537.080, RSMo., and specifically in the best interests of the minor children, ███████ ███████████████████ and ███████████ to waive the right to a jury trial and to settle and resolve their claims against Defendants on the terms offered by Defendants.

12. Based on the foregoing, and the review of the pleadings, the Proposed Releases, and the evidence presented, the Court finds that the terms of the settlement, including the Settlement Amounts, the Total Gross Settlement, and the terms of the Proposed Releases are fair and equitable and would be in the best interests of all parties entitled to sue and recover for the

3

wrongful death of Decedent, pursuant to Section 537.080, RSMo., specifically including the minor children ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮

13. Plaintiffs have each executed agreements with Cofman Townsley, LLP and Jerryl T. Christmas & Associates, LLC whereby Plaintiffs retained Cofman Townsley, LLP and Jerryl T. Christmas & Associates, LLC to pursue their claims for damages against Defendants in exchange for the payment of a contingency fee of 40% of all sums recovered for and on behalf of Plaintiffs, with Cofman Townsley, LLP and Jerryl T. Christmas & Associates, LLC to split the 40% attorneys' fee between them.

14. Pursuant to the fee agreement, Cofman Townsley, LLP and Jerryl T. Christmas & Associates, LLC would collectively be entitled to recover and be paid a contingency fee equal to ▮▮▮▮▮▮▮▮ (the "Attorneys' Fee") from the Total Gross Settlement.

15. Plaintiffs, by and through the Plaintiff Ad Litem and Next Friend, Cecilia Perry, have represented to the Court that they believe the Attorneys' Fee is fair and equitable given the nature and extent of the services provided by those firms in connection with pursuing Plaintiffs' claims against Defendants.

16. Based on the foregoing, a review of the file, and the Court's knowledge of this action, the Court finds that the Attorneys' Fee is fair and equitable given the nature and extent of the services provided by those firms in connection with pursuing Plaintiffs' claims against Defendants.

17. The previously mentioned agreements also provide that Cofman Townsley, LLP and Jerryl T. Christmas & Associates, LLC are to be reimbursed from the sums recovered for and on behalf of Plaintiffs for the case expenses incurred by Cofman Townsley, LLP and Jerryl T. Christmas & Associates, LLC in connection with pursuing claims on behalf of Plaintiffs.

18. The expenses incurred by Cofman Townsley, LLP in connection with pursuing these claims on behalf of Plaintiffs, including filing fees, process server fees, legal research, expert costs, mediation fees, transcript costs, and other, similar expenses, totals $39,714.21 (the "Case Expenses").

19. Plaintiffs, by and through the Plaintiff Ad Litem and Next Friend, Cecilia Perry, have represented to the Court that they believe the Case Expenses are fair and equitable given the nature and extent of the services provided by those firms in connection with pursuing Plaintiffs' claims against Defendants.

20. Based on the foregoing, a review of the file, and the evidence presented, the Court find that the Case Expenses are fair and equitable given the nature and extent of the services provided by those firms in connection with pursuing Plaintiffs' claims against Defendants.

21. The net settlement amount, equal to the Total Gross Settlement minus the Attorneys' Fee and the Case Expenses, equals ▮ (the "Net Settlement Amount"), which is to be distributed between Cecilia Perry, as the Plaintiff Ad Litem for Christina Brooks, and the minor children ▮, and ▮

22. Plaintiffs have proposed that Cecilia Perry, as the Plaintiff Ad Litem for Christina Brooks, be distributed the total of ▮ from the Net Settlement Amount, with the remaining amount of ▮ to be distributed amongst the minor children ▮ and ▮

23. The Court finds that the payment of ▮ from the Net Settlement Amount to Cecilia Perry, as the Plaintiff Ad Litem for Christina Brooks, is fair and equitable and in the best interests of the minor children ▮, and ▮

24. Plaintiffs have proposed that the remaining amount of ▮ be distributed equally between the four minor children, with ▮ and ▮ each receiving an individual distribution of ▮.

25. The Court finds that the equal distribution of the remaining amount of ▮ between the four minor children, with ▮ and ▮ each receiving an individual distribution of ▮, is fair, equitable and in the best interests of the minor children.

26. Plaintiffs have established separate minor trust accounts for each of the four minor children, with ▮ to serve as the Distribution Director, and ▮ to serve as the Corporate Trustee for each such minor trust account.

27. ▮ and ▮ are duly licensed and bonded to serve as the Distribution Director and the Corporate Trustee, respectively, of the minor trust accounts.

28. The minor trust accounts established by Plaintiffs will ensure that the money distributed to each of the minor children will be maintained and used for the sole benefit of each of the four minor children and for only those purposes authorized by law and that the remaining balance will be paid only to the four minor children upon reaching the age of 25.

29. Plaintiffs have proposed that the ▮ be distributed directly from the Cofman Townsley, LLP trust account to each individual, minor trust account established by Plaintiffs, without passing through any other person or entity.

30. The foregoing would result in:

    a. Cofman Townsley, LLP distributing ▮ from its trust account directly to the minor trust established and held by ▮

6

        ▮▮▮▮ for the sole benefit of ▮▮▮▮

b.   Cofman Townsley, LLP distributing ▮▮▮▮ from its trust account directly to the minor trust established and held by ▮▮▮▮ ▮▮▮▮ for the sole benefit of ▮▮▮▮

c.   Cofman Townsley, LLP distributing ▮▮▮▮ from its trust account directly to the minor trust established and held by ▮▮▮▮ ▮▮▮▮ for the sole benefit of ▮▮▮▮ and

d.   Cofman Townsley, LLP distributing ▮▮▮▮ from its trust account directly to the minor trust established and held by ▮▮▮▮ ▮▮▮▮ for the sole benefit of ▮▮▮▮.

31.   Plaintiffs, by and through their Next Friend, Cecilia Perry, have represented to the Court that they believe that directing Cofman Townsley, LLP to distribute the amounts payable to the four minor children directly from its trust account to the four, minor trust accounts established with ▮▮▮▮ for the sole benefit of each of the four, minor children, and thereafter having those minor trust accounts actively managed by ▮▮▮▮ ▮▮▮▮ and ▮▮▮▮ according to the terms and conditions of the minor trust agreements will ensure that all amounts are only used for the sole benefit of the minor children and will protect the minor children's interests in and to the amounts payable to them under the settlement.

32.   Having reviewed the pleadings and the evidence presented, The Court finds that directing Cofman Townsley, LLP to distribute the amounts payable to the four minor children directly from its trust account to the four, minor trust accounts established with ▮▮▮▮ ▮▮▮▮ for the sole benefit of each of the four, minor children, and thereafter having those minor trust accounts actively managed by ▮▮▮▮ and ▮▮▮▮ according to the terms and conditions of the minor trust agreements will ensure that all amounts are only used for the sole benefit of the minor children

7

and will protect the minor children's interests in and to the amounts payable to them under the settlement, and would, therefore, be in the best interests of the four minor children.

THEREFORE, it is hereby ordered, adjudged, and decreed as follows:

a. The proposed settlements are hereby approved on the terms and conditions stated above.

b. Cecilia Perry, as the Plaintiff Ad Litem for Christina Brooks and as the Next Friend of ▮▮▮▮ and ▮▮▮▮ is hereby authorized to accept the settlement offers and execute the proposed settlement agreements releasing Defendants from all claims and causes of action arising out of the incident at issue and, thereafter, upon payment of all settlement amounts owed, file a satisfaction of judgment extinguishing this action.

c. Cofman Townsley, LLP and Jerryl Cofman Townsley, LLP, upon receipt of the funds, are hereby authorized to deduct and receive from the Total Gross Settlement the sum of ▮▮▮▮ as an attorneys' fee, to be divided between them according to whatever agreement exists between them for the division of the attorneys' fee.

d. Cofman Townsley, LLP, upon receipt of the funds, is hereby authorized to deduct and receive from the Total Gross Settlement the sum of $39,714.21, as reimbursement for its costs and expenses incurred in connection with pursuing Plaintiff's claims.

e. Of the Net Settlement Amount, ▮▮▮▮ shall be distributed to Cecilia Perry, as the Plaintiff Ad Litem for Christina Brooks, and she is hereby authorized to receive the same.

f. Of the Net Settlement Amount, ▮▮▮▮ shall be paid directly from Cofman Townsley, LLP's trust account to the minor trust account established and held by ▮▮▮▮ for the sole benefit of ▮▮▮▮, and ▮▮▮▮ and ▮▮▮▮ are hereby authorized to receive said funds and to establish, maintain, and manage said account according to the applicable trust agreement for the sole benefit of ▮▮▮▮

g. Of the Net Settlement Amount, ▮▮▮▮ shall be paid directly from Cofman Townsley, LLP's trust account to the minor trust account established and held by ▮▮▮▮ for the sole benefit of ▮▮▮▮ and ▮▮▮▮ and ▮▮▮▮ are hereby authorized to receive said funds and to establish, maintain, and manage said account according to the applicable trust agreement for the sole benefit of ▮▮▮▮

    h.    Of the Net Settlement Amount, ▇▇▇▇ shall be paid directly from Cofman Townsley, LLP's trust account to the minor trust account established and held by ▇▇▇▇ for the sole benefit of ▇▇▇▇, and ▇▇▇▇ and ▇▇▇▇ are hereby authorized to receive said funds and to establish, maintain, and manage said account according to the applicable trust agreement for the sole benefit of ▇▇▇▇.

    i.    Of the Net Settlement Amount, ▇▇▇▇ shall be paid directly from Cofman Townsley, LLP's trust account to the minor trust account established and held by ▇▇▇▇ for the sole benefit of ▇▇▇▇ and ▇▇▇▇ and ▇▇▇▇ are hereby authorized to receive said funds and to establish, maintain, and manage said account according to the applicable trust agreement for the sole benefit of ▇▇▇▇

    j.    Upon the receipt and distribution of all the settlement funds, Plaintiffs are directed to file a satisfaction of judgment with the Court to extinguish this action.

SO ORDERED, ADJUDGED AND DECREED.

_____Dated:_____

The Honorable Ronnie L. White
U.S. District Court Judge
U.S. District Court, Eastern District of Missouri